UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. MAGANA,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social<br>Security,<br><br>　　　　　Defendant. | No.  EDCV 06-0036-JTL<br><br><br><br>MEMORANDUM OPINION AND ORDER |

On January 23, 2006, Richard A. Magana ("plaintiff") filed a Complaint seeking review of the Commissioner's denial of his application for disability insurance benefits. On or about February 10, 2006, the parties filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. Thereafter, on August 2, 2006, defendant filed an Answer to Complaint. On October 11, 2006, the parties filed their Joint Stipulation.

The matter is now ready for decision.

///

///

///

**BACKGROUND**

On October 30, 2002, plaintiff filed his application for disability insurance benefits. (Administrative Record ["AR"] at 75-77). Plaintiff alleged that beginning on or about August 11, 2000, he was unable to work because he suffered from the following impairments: injury in his left arm and shoulder and a severe heart condition caused by two heart attacks. (AR at 85). The Commissioner denied plaintiff's application for benefits, initially and upon review. (AR at 23-28, 32-36). On or about July 22, 2003, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 37). On November 14, 2003, the ALJ conducted a hearing in San Bernardino, California. (AR at 481-518). Plaintiff appeared at the hearing with his counsel and testified. (AR at 484-503). Vu Dinh, M.D., a medical expert, and Corrine Porter, a vocational expert, also testified. (AR at 503-10, 510-17).

On December 17, 2003, the ALJ issued her decision denying benefits. (AR at 13-20). In her decision, the ALJ concluded that plaintiff's cardiac impairments constituted a severe impairment. (AR at 14). According to the ALJ, however, this impairment neither met nor equaled any of the criteria contained in the Commissioner's Listing of Impairments, 20 C.F.R. Section 404, Subpart P, Appendix 1. (Id.). The ALJ further concluded that plaintiff could not perform his past relevant work, but retained the residual functional capacity to perform a limited range of light work. (AR at 20). Relying on the testimony of the vocational expert, the ALJ found that plaintiff could perform the work of a library page and a mail clerk. (AR at 18). Ultimately, the ALJ found that plaintiff was not disabled pursuant to the Social Security Act. (AR at 19).

2

On December 29, 2003, plaintiff filed a timely request with the Appeals Council for review of the ALJ's decision. (AR at 9). On December 16, 2005, the Appeals Council affirmed the ALJ's decision. (AR at 4-6).

**PLAINTIFF'S CONTENTIONS**

Plaintiff makes the following claims:

1. The ALJ failed to make proper credibility findings.

2. The ALJ failed to consider the testimony of plaintiff's sister.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Desrosiers v. Secretary of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the ALJ's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

///

**DISCUSSION**

**A.    The Sequential Evaluation**

The Commissioner has established a five-step sequential process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920 (1991); <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140-42 (1987). At step one, disability benefits are denied if the Commissioner determines that the claimant is engaged in substantial gainful activity. <u>Bowen</u>, 482 U.S. at 140. At step two, the Commissioner evaluates whether the claimant has a medically severe impairment which significantly limits his physical or mental ability to do basic work activities. <u>Id.</u> at 140-41. Step three requires a consideration of whether the claimant's impairment is equivalent to one of a number of listed impairments that are so severe as to preclude substantial gainful activity. <u>Id.</u> at 141. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. <u>Id.</u> If the impairment is not one that is conclusively presumed to be disabling, step four of the evaluation determines whether the impairment prevents the claimant from performing work he has performed in the past. <u>Id.</u> If the claimant cannot perform his past work, the fifth and final step determines whether he is able to perform other work in the national economy in light of his age, education and work experience. <u>Id.</u> at 142. The claimant is entitled to disability benefits only if he is not able to perform such work. <u>Id.</u>

**B.    The ALJ's Credibility Findings**

Plaintiff contends that the ALJ failed to make adequate credibility findings with respect to his testimony at the hearing. Specifically, plaintiff argues that the ALJ only made reference to one

4

aspect of plaintiff's testimony, namely his testimony that he walks one to two miles per day. (Joint Stipulation at 3). Plaintiff claims that the ALJ's failure to discuss all of plaintiff's testimony – namely his concentration problems, irritability, and pain in the hands shoulder, and neck – constitutes error.

At the hearing, plaintiff testified that he walks "as often as [he] can," which the ALJ construed as one to two miles per day pursuant to his prior testimony. (AR at 494-95). Plaintiff also testified that he takes heart medication, Nitroclycerin, whenever he feels pain and that he last took the medication in July of 2003.[1] (AR at 496). With respect to his medication, plaintiff testified that he wakes up feeling disoriented and like "a wreck" after taking antidepressents. (AR at 502-03). Plaintiff further testified that he has problems with controlling his temper, focusing or concentration, irritability, fatigue, anxiety attacks, and sleeplessness. (AR at 498, 499-500, 502). Finally, plaintiff testified that he experiences pain in his hands, shoulder, and neck and that his left hand shakes violently. (AR at 500).

In her decision, the ALJ found that plaintiff was not sufficiently credible to warrant the assessment of a more restrictive functional capacity. (AR at 18). First, the ALJ found that plaintiff's medical condition improved and there has been no indication of any side effects from the medications. (Id.). The ALJ also noted that plaintiff's treatment had been "routine and conservative." (Id.). Finally, the ALJ found that plaintiff's testimony regarding his ability to perform his daily activities

---

[1] The hearing was held approximately four months later, on November 14, 2003. (AR at 481).

indicated that he did not suffer from a disabling condition. (AR at 18). Overall, the ALJ found that plaintiff could perform a limited range of light work. (AR at 20).

An ALJ need not believe every allegation of disabling pain. See Ortega v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995). Where an ALJ finds a claimant's claims of disabling pain not entirely credible, and there is no evidence of malingering, the ALJ must set forth legally permissible, specific, clear and convincing reasons for doing so. See Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993) ("If there is medical evidence establishing an objective basis for some degree of pain and related symptoms, and no evidence affirmatively suggesting that the claimant was malingering, the Secretary's reason for rejecting the claimant's testimony must be 'clear and convincing,' and supported by specific findings") (citations omitted). "The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints." Morgan v. Commissioner of the Social Security Admin., 169 F.3d 595, 599 (9th Cir. 1999).

Furthermore, "[i]t's not sufficient for the ALJ to make only general findings; he must state which pain testimony is not credible and what evidence suggests the complaints are not credible." Dodrill, 12 F.3d at 918 (citing Varney v. Secretary of Health and Human Services, 846 F.2d 581, 584 (9th Cir. 1988), rev'd on other grounds upon reh'g, 859 F.2d 1396 (9th Cir. 1988)). An ALJ's reasons for discrediting a claimant's testimony must be sufficiently specific for the reviewing court to assess whether the decision was impermissibly arbitrary. Bunnell v. Sullivan, 947 F.2d 341, 345-56 (9th Cir. 1991).

As discussed below, the ALJ's reasons for rejecting plaintiff's credibility do not withstand scrutiny.

### 1.   Improvement in Plaintiff's Condition

The ALJ partially rejected plaintiff's credibility that he suffers from an incapacitating condition on the basis that his condition improved. (AR at 18). The ALJ also noted that plaintiff suffered not side effects from medication. (<u>Id.</u>).

An ALJ need not believe every allegation of disabling pain. <u>See</u> <u>Orteza</u>, 50 F.3d at 750. Where an ALJ finds a claimant's claims of disabling pain not entirely credible, and there is no evidence of malingering, the ALJ must set forth legally permissible, specific, clear and convincing reasons for doing so. <u>See</u> <u>Dodrill</u>, 12 F.3d at 918 ("If there is medical evidence establishing an objective basis for some degree of pain and related symptoms, and no evidence affirmatively suggesting that the claimant was malingering, the Secretary's reason for rejecting the claimant's testimony must be 'clear and convincing,' and supported by specific findings") (<u>citations omitted</u>). "The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints." <u>Morgan v. Commissioner of the Social Security Admin.</u>, 169 F.3d 595, 599 (9th Cir. 1999).

Here, the ALJ does not cite to any specific evidence to support her contention that plaintiff's improved condition discredits his statements that he suffers from a disabling condition. At the hearing, plaintiff testified he has problems with controlling his temper, focusing or concentration, irritability, fatigue, anxiety attacks, and sleeplessness. (AR at 498, 499-500, 502). Plaintiff further testified that he experiences pain in his hands, shoulder, and neck and that his left hand shakes violently. (AR at 500). With respect to his medication, plaintiff testified that he wakes up

7

feeling hung over and disoriented after taking Zoloft[2] and Trazodone[3]. (AR at 502-03). Thus, plaintiff testified that even with medication, he is unable to work. Medical records, moreover, indicate that while plaintiff's condition may have improved, and he was making "slow" to "fair" progress, the records do not suggest that he had improved to a point where he could maintain employment. (AR at 269, 271, 273, 274, 275, 276, 325, 450). Thus, the Court improperly relied on this fact to reject plaintiff's credibility.

**2.   Routine and Conservative Medical Treatment**

The ALJ also rejected plaintiff's credibility due to plaintiff's "routine and conservative" medical treatment and her observation that plaintiff did not require more aggressive treatment. (AR at 18). Specifically, the ALJ noted that plaintiff's pain medication was limited to occasional use of mild anti-inflammatory medication and psychotropic medication as needed. (Id.). The ALJ also noted that there was "no indication that claimant's medication has not helped to improve his physical and mental condition," or any side effects stemming from the medication. (Id.). As discussed below, the ALJ's determination does not withstand scrutiny.

An ALJ may reject a claimant's allegations of extreme pain where

---

[2] Zoloft is used "to treat depression, panic attacks, obsessive compulsive disorders, post-traumatic stress disorder, social anxiety disorder (social phobia), and a severe form of premenstrual syndrome..." Zoloft is a brand name of the drug Setraline. http://my.webmd.com/medical_information/drug_and_ herb/default.htm (search "Find A Drug, By Name" for "Zoloft Oral;" then follow "Sertraline Oral" hyperlink; then follow "Uses" tab).

[3] Trazodone is used to treat depression. http://my.webmd.com/medical_information/drug_and_herb/default.htm (search "Find A Drug, By Name" for "Trazodone;" then follow "Trazodone Oral" hyperlink; then follow "Uses" tab).

the patient uses only mild pain medication. See Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1994) (affirming ALJ's decision to reject patient's credibility and noting that plaintiff "has not required prescription pain medication"); see also Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998) (rejecting plaintiff's credibility and noting pain did not require prescription medications); Ruiz v. Apfel, 24 F. Supp. 2d 1045, 1048 (C.D. Cal. 1998) (rejecting plaintiff's credibility and stating, "More particularly, [the ALJ] remarked that [plaintiff] had not been prescribed narcotic pain medication, as would be expected if she suffered from intense, chronic pain."); Matthews v. Shalala, 10 F.3d 678, 679-680 (9th Cir. 1993) (permissible credibility factors include limited treatment and minimal use of medications).

   Here, the ALJ noted that plaintiff's pain medication was limited to the occasional use of mild anti-inflammatory medication and psychotropic medication as needed. (AR at 18). Indeed, plaintiff testified that he takes Nitroglycerin[4] whenever he feels pain, which may be "every three months, it could be every two months, it could be every week," but that he last took the medication approximately four months ago. (AR at 496). In addition to Nitroglycerin, records

---

[4] "Nitroglycerin extended release capsules are used to prevent chest pain (angina). When used regularly, nitroglycerin can decrease the number and severity of attacks of chest pain from angina and improve your ability to exercise. This medication is called a nitrate. It works by relaxing blood vessels and allowing more blood to flow to the heart." http://my.webmd.com/medical_information/drug_and_herb/default.htm (search "Find A Drug, By Name" for "Nitroglycerin;" then follow "Nitroglycerin Oral" hyperlink).

1  indicate that plaintiff also took aspirin[5] and Celebrex.[6] (AR at 90,
2  181, 324, 326, 424).  Plaintiff also testified that he took
3  antidepressants, Zoloft and Trazodone. (AR at 502).  While the ALJ
4  noted that there was "no indication that claimant's medication has not
5  helped to improve his physical and mental condition," plaintiff
6  testified he had problems with controlling his temper, focusing or
7  concentrating, irritability, fatigue, anxiety attacks, and
8  sleeplessness. (AR at 18, 498, 499-500, 502). Plaintiff further
9  testified that he experiences pain in his hands, shoulder, and neck
10 and that his left hand shakes violently. (AR at 500).

    Contrary to the ALJ's finding that there was no indication of any
side effects from the medication, however, plaintiff testified that he
did suffer from side effects.  At the hearing, plaintiff testified
that after taking Zoloft and Trazadone, "I wake up in the morning and
I'm a wreck.... half the time I don't know where I'm at." (AR at
502).  When asked if he felt "hung over" from the medications,
plaintiff replied, "[I]n a way." (Id.).  Thus, the record contains

---

[5] Asprin is used"to reduce fever and relieve minor to moderate pain from conditions such as muscle aches, toothaches, menstrual cramps, and headaches. It may also be used to reduce inflammation and swelling in conditions such as arthritis. Aspirin is known as a salicylate and a nonsteroidal anti-inflammatory drug (NSAID) that works by blocking a certain natural substance in your body to reduce pain and swelling." http://my.webmd.com/medical_information/drug_and_herb/default.htm (search "Find A Drug, By Name" for "Aspirin Oral;" follow "April Oral" hyperlink; then follow "Uses").

[6] Celebrex "is a nonsteroidal anti-inflammatory drug (NSAID), specifically a COX-2 inhibitor, which relieves pain and swelling (inflammation).  It is used to treat arthritis, acute pain, and menstrual pain and discomfort. The pain and swelling relief provided by this medication helps you perform more of your normal daily activities." http://my.webmd.com/medical_information/drug_and_herb/default.htm (search "Find A Drug, By Name" for "Celebrex"; then follow "Uses").

instances where plaintiff reported side effects from his pain medications.

Overall, the Court finds that the ALJ's rejection of plaintiff's subjective complaints on the basis of his medical treatment lacks merit.

### 3. Daily Activities

Finally, the ALJ found that plaintiff performed activities of daily living that indicated a physically active and healthy lifestyle." (AR at 18). Specifically, the ALJ noted that plaintiff performed household chores, cooked, made snacks, dressed himself, bathed himself, took the bus, and walked one to two miles a day. (Id.). As such, the ALJ found that plaintiff's testimony regarding his condition and functional capacity were not sufficiently credible.

In evaluating a claimant's credibility, an ALJ must consider the factors that Social Security Regulation 95-5p sets forth. Those factors include the claimant's daily activities and the adjudicator's personal observation of the claimant. See SSR 95-5p. "With respect to daily activities, this court has held that if a claimant 'is able to spend a substantial part of [his] day engaged in pursuits involving the performance of physical functions that are transferable to a work setting, a specific finding as to this fact may be sufficient to discredit a claimant's allegations.'" Vertigan v. Halter, 260 F.3d 1044, 1049 (9th Cir. 2001) (emphasis in original) (citing Morgan, 169 F.3d at 600); see also Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989). In Fair, however, the Ninth Circuit cautioned that "many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to

periodically rest or take medication." <u>Fair</u>, 885 F.2d at 603.

Here, plaintiff testified that he is homeless and must walk to wherever he needs to go unless a friend can give him a ride. (AR at 494). Plaintiff further testified that would take the bus, but has no money. (<u>Id.</u>). While plaintiff did not testify with respect to his ability to do household chores and other activities, plaintiff reported to Linda M. Smith, M.D., a Consultative Examiner, that he performed household chores, cooked, made snacks, dressed himself, bathed himself, took the bus, and walked one to two miles a day. (AR at 417).

The activities that plaintiff admittedly engaged in, however, are not transferable to a work setting. <u>See</u> <u>Vertigan</u>, 260 F.3d at 1049; <u>see</u> <u>also</u> <u>Morgan</u>, 169 F.3d at 600; <u>Fair</u>, 885 F.2d at 603. The Ninth Circuit has found that activities, such as grocery shopping, driving a car, or limited walking for exercise, do not "in any way detract from [a claimant's] credibility as to [his] overall disability." <u>Vertigan</u>, 260 F.3d at 1050; <u>see</u> <u>also</u> <u>Howard v. Hecklar</u>, 782 F.2d 1484, 1488 (9th Cir. 1986) (claim of pain-induced disability not gainsaid by capacity to engage in periodic travel); <u>Gallant v. Hecklar</u>, 753 F.2d 1450, 1453 (9th Cir. 1984) (ordering award of benefits for constant back and leg pain despite claimant's ability to cook meals and wash dishes). The Ninth Circuit has repeatedly stated that a claimant need not be utterly incapacitated in order to be disabled. <u>See</u> <u>Fair</u>, 885 F.2d at 603 ("The Social Security Act does not require that claimant be utterly incapacitated to be eligible for benefits."); <u>see</u> <u>also</u> <u>Vertigan</u>, 260 F.3d at 1050 ("One does not need to be utterly incapacitated in order to be disabled.").

///

Thus, to the extent the ALJ found that plaintiff's testimony regarding his functional limitations was not credible by virtue of his daily routine, the ALJ failed to present clear and convincing reasons to support his determination.

**C.   Remand is Required to Remedy Defects in the ALJ's Decision**

The choice of whether to reverse and remand for further administrative proceedings, or to reverse and simply award benefits, is within the discretion of the Court. McAlister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Remand is appropriate where additional proceedings would remedy defects in the ALJ's decision, and where the record should be developed more fully. McAlister, 888 F.2d at 603; Rodriguez v. Bowen, 876 F.2d 759, 763 (9th Cir. 1989); Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990). An award of benefits is appropriate where no useful purpose would be served by further administrative proceedings, see Gamble v. Chater, 68 F.3d 319, 322-23 (9th Cir. 1995), where the record has been fully developed, see Schneider v. Commissioner of the Social Security Administration, 223 F.3d 968, 976 (9th Cir. 2000).

Here, the Court finds remand appropriate. The reasons cited by the ALJ in support of his rejection of plaintiff's credibility are insufficient. On remand, the ALJ must provide clear and convincing reasons in support of his finding that plaintiff's allegations regarding his limitations are not fully credible.[7]

---

[7] Plaintiff has raised another claim of error regarding the ALJ's decision, namely, that the ALJ failed to consider the testimony of plaintiff's sister. As explained above, the ALJ's error in assessing plaintiff's credibility constitutes sufficient reason to remand this case. Depending on the outcome of the proceedings on remand, the ALJ should address plaintiff's remaining issues at that time.

**ORDER**

The Court, therefore, VACATES the decision of the Commissioner of Social Security Administration and REMANDS the case for further administrative proceedings consistent with the Memorandum Opinion and Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: January 23, 2007

                                                  /s/
                                    JENNIFER T. LUM
                                    UNITED STATES MAGISTRATE JUDGE